**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WILLIAM REIHNER, *et al.*,      )
                                  )
               Plaintiffs,     )     Civil Action No. 15-143
                                  )
      v.                   )     Judge Cathy Bissoon
                                  )
WASHINGTON COUNTY, *et al.*,    )
                                  )
            Defendants.    )

## <u>ORDER</u>

### I.    ORDER ON MOTIONS FOR DEFAULT JUDGMENT

IT IS HEREBY ORDERED that Plaintiffs' Motions for Default Judgment (Docs. 25 and 26) are **DENIED**. Defendants clearly are participating in this lawsuit and default judgment would be inappropriate. Defendants are cautioned, however, that the deadlines in this case – like any other case -- are not "loose." Defendants are to observe all future deadlines or file a timely motion for extension of time.

### II.    ORDER ON PLAINTIFFS' MOTION TO AMEND/CORRECT PLEADING

IT IS FURTHER ORDERED that Plaintiffs' Motion to Amend Plaintiffs [sic] Motion Objecting to Defendants [sic] Motion for Dismissal (Doc. 34) is **DENIED** because the Court is unable to ascertain the relief requested or the reasons for the Motion. While the Court recognizes that Plaintiffs are proceeding *pro se*, the Court cannot be expected to decipher the undecipherable.

## III.    ORDER TO SHOW CAUSE

The Complaint in this action was filed on behalf of three individuals, yet only signed by two.  In federal court, a non-lawyer cannot represent another party.  See, e.g., Osei–Afriye v. The Medical Coll. of Pennsylvania, 937 F.2d 876 (3d Cir.1991) (non-lawyer appearing *pro se* may not act as attorney for his children); Alexander v. New Jersey State Parole Bd., 160 F. App'x 159, 160 n. 1 (3d Cir. Dec. 28, 2005) (holding prisoner proceeding *pro se* may not act on behalf of his fellow inmates); Lutz v. Lavelle, 809 F.Supp. 323, 325 (M.D.Pa.1991) (stating "well established principle that while a layman may represent himself with respect to his individual claims, he is not entitled to act as an attorney for others in federal court"); DePonceau v. Pataki, 315 F.Supp.2d 338, 341 (W.D.N.Y.2004) ("[P]laintiffs have no statutory nor constitutional right to be represented in federal court by a nonlawyer.").  Accordingly, IT IS FURTHER ORDERED that no later than **October 15, 2015**, Plaintiffs show cause as to (1) why the claims brought on behalf of Plaintiff Cameron Reihner should not be dismissed for failure to sign the complaint and (2) why all documents filed by William Reihner only should not be stricken from the record to the extent that they purport to apply to any other Plaintiff.  The response to this show cause order shall be made by submitting the original document, in person or by First-Class U.S. Mail, to the Clerk of this Court.  Should the Court not receive a response to this order by October 15, 2015, all claims made on behalf of Cameron Reihner will be dismissed, and all other documents purportedly filed on behalf of anyone other than William Reihner will be stricken.

## IV.    ORDER SETTING DEADLINE FOR PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

Plaintiffs shall file a response to both (1) Defendants Washington County, Washington County District Attorney Office, Washington County Assistant District Attorney Michael

Fagela's Motion to Dismiss (Doc. 27) and (2) Defendant Pete Marcoline Blackwell and Associates' Motion to Dismiss (Doc. 30) by **October 23, 2015**.  Such responses must be filed either individually by each Plaintiff or by one response personally signed by all Plaintiffs in the case.  The responses shall be made by submitting the original document, in person or by First-Class U.S. Mail, to the Clerk of this Court.

**V.    General Court Practice**

Each party shall serve upon the opposing party a copy of every filing submitted for consideration by the Court, and the parties shall include on the originally filed document a certificate stating the date that the document was mailed to each opposing party ("certificate of service").

Any document received by the Court that has not been filed with the Clerk of Court, or which fails to include a certificate of service, will be disregarded by the Court.

Plaintiffs and Counsel for Defendants must familiarize themselves with the Practices and Procedures of the undersigned on the Court's website (see web page at http://www.pawd.uscourts.gov/Documents/Judge/bissoon_pp.pdf), and they will be held responsible for complying with such practices and procedures.

Notwithstanding Plaintiffs' *pro se* status, it is the Court's expectation that Plaintiffs will comply with all Court orders, deadlines, practices and procedures.

October 2, 2015

s\Cathy Bissoon                                
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All counsel of record

3

cc (via First-Class U.S. Mail):
WILLIAM REIHNER
741 EAST 13TH STREET
ERIE, PA 16503

JENNIFER REIHNER
741 EAST 13TH STREET
ERIE, PA 16503

CAMERON REIHNER
741 EAST 13TH STREET
ERIE, PA 16503