## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM REIHNER, JENNIFER REIHNER, CAMERON REIHNER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 15-143 |
| WASHINGTON COUNTY, PENNSYLVANIA, *et al*., | ) ) ) | Judge Cathy Bissoon |
| Defendants. | ) ) ) ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiffs filed this *pro se* Section 1983 action alleging that Plaintiff Cameron Reihner's

constitutional rights were violated during the course of a criminal investigation that took place in

Washington County, Pennsylvania. The Complaint was signed by Cameron's parents, William

and Jennifer Reihner, but not by Cameron. (See Doc. 4). Since non-lawyers – such as William

and Jennifer – cannot represent another *pro se* party in a federal lawsuit, <u>see</u>, <u>e.g</u>., <u>Osei-Afriye v.

The Medical Coll. of Pennsylvania</u>, 937 F.2d 876 (3d Cir. 1991), the Court ordered the Plaintiffs

to show cause as to why Cameron should not be dismissed from this action for failure to sign the

Complaint. (Doc. 35).

Plaintiffs filed a response to the Court's show cause order on October 13, 2015. (Doc.

36). In their response, William and Jennifer explain that Cameron is currently incarcerated and

that the prison has made it difficult for them to visit Cameron or send him mail. (Doc. 36 at 2).

They request leniency in light of their *pro se* status and seek permission to correct any mistakes

that might occur, such as the missing signature. (<u>Id</u>. at 5). However, despite having been placed

on notice by the Court as to the signature deficiency, they failed to supplement the record with a copy of the Complaint bearing Cameron's signature.

Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Id. Based on this requirement, courts have routinely dismissed *pro se* pleadings that are not signed by each plaintiff. See, e.g., Hurt v. United States, 2014 WL 184238, at *2 (S.D. Ohio Jan. 14, 2014) ("[T]he Court notes that plaintiff lists both himself and the Black Panther Party as plaintiffs in this matter. However, the complaint is signed only by Mr. Hunt. Mr. Hunt is not a lawyer and may not represent other plaintiffs in this matter."); Keyway Leasing Trust v. United States, 1999 WL 810386, at *2 (W.D. Mich. Aug. 26, 1999) ("Pleadings not signed on behalf of a party or licensed attorney are . . . subject to dismissal."); Lawton v. Medevac Mid-America, Inc., 138 F.R.D. 586, 588 (D. Kan. 1991) (dismissing two *pro se* plaintiffs because they had failed to satisfy the Rule 11 signature requirement and the remaining plaintiff was not an attorney). Consistent with Rule 11 and the foregoing authority, the Court will dismiss Cameron Reihner from this action and construe the Complaint as having been brought solely by William and Jennifer Reihner.

A review of the Complaint reveals nothing to suggest that William and Jennifer's own constitutional rights have been violated. Their only averment is that they "have suffered financially, which has led to emotional distress, martial [sic] problems, health issues, sleep deprivation, and depression . . ." (Doc. 4 ¶ 29). Such claims are not cognizable under Section 1983. See, e.g., Louder v. Lower Saucon Tp., 2015 WL 1954078, at *3 (E.D. Pa. April 29,

2015) (noting that derivative claims such as loss of consortium or emotional distress caused by injury to another are not cognizable under Section 1983, which "permits suit for the abridgement only of one's own constitutional rights"); Kelly v. Jones, 2015 WL 1759213, at *7 (E.D. Pa. April 17, 2015) (same).

Where a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must ordinarily permit a curative amendment unless such an amendment would be inequitable or futile. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). In the instant case, amendment would be futile. Despite having been put on notice concerning the Rule 11 requirements, Plaintiffs have failed to produce a complaint bearing Cameron's signature and have suggested in their papers that they are unable to do so because of Cameron's incarceration. Even if they could produce a signature from Cameron, the allegations in the Complaint clearly demonstrate that each of the Defendants is entitled to dismissal with prejudice. Plaintiffs' claims against Judge John DiSalle are barred by the Eleventh Amendment and the doctrine of absolute judicial immunity. See Thornton v. Hens-Greco, -- F. App'x --, 2015 WL 6437479, at *2 (3d Cir. 2015) ("[T]he state courts and its employees and judges in their official capacities are entitled to immunity under the Eleventh Amendment because they are part of the judicial branch of the Commonwealth of Pennsylvania."); Stump v. Sparkman, 435 U.S. 349, 356 (1978) (noting that a judge is entitled to immunity in civil actions even where "the action he took was in error, was done maliciously, or was in excess of his authority . . ."). Plaintiffs' claims against Assistant District Attorney Michael Fagella in his individual capacity are barred by the doctrine of absolute prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409 (1976). With respect to Washington County, the Washington County District Attorney's Office, and Assistant District Attorney Fagella (in his official capacity), Plaintiffs have failed to

indicate that any of the alleged violations stemmed from an official custom or policy, as is required to establish a Section 1983 claim against a municipality. See Berg v. City of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000). The remaining Defendants – Attorney Pete Marcoline and the Blackwell law firm are not state actors. See Henderson v. Fisher, 631 F.2d 1115 (3d Cir. 1980).[1] Each of these barriers is fatal to Plaintiffs' claims.

In light of the foregoing, IT IS ORDERED that this action is DISMISSED with prejudice. IT IS FURTHER ORDERED that the Motions to Dismiss filed by each of the Defendants (Docs. 6, 27, 30) are GRANTED. The clerk is directed to mark this case CLOSED.


IT IS SO ORDERED.


November 4, 2015                 s/ Cathy Bissoon
                                           Cathy Bissoon
                                           United States District Judge


cc (via ECF email notification):

All counsel of record

cc (via First Class US Mail):

WILLIAM REIHNER
741 EAST 13TH STREET
ERIE, PA 16503

JENNIFER REIHNER
741 EAST 13TH STREET
ERIE, PA 16503

---

[1] To the extent that Plaintiffs argue that Attorney Marcoline entered into a civil conspiracy with various state actors to deprive Cameron of his constitutional rights, they have failed to support this allegation with any particularized factual averments. See, e.g., Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989) ("Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose, will be deemed sufficient.").

CAMERON REIHNER
741 EAST 13TH STREET
ERIE, PA 16503